**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: 1:18-cv-21483

Honorable United States District Court Judge: Kathleen M. Williams

PETER M. VUJIN,

     Plaintiff,

vs.

THE FLORIDA BAR, a subdivision and Agency of the State of Florida,
RUSSELL W. GALBUT, individually,
ERIC GRABOIS, individually,
ERIC J. GRABOIS, P.L, a Florida Company,
MICHAEL HIGER, solely in official capacity as the President of the Florida Bar,
MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., a Florida Corporation,
PEYTON BOLLIN, P.L., A Florida Company,
RONALD WOLFF, individually, AND
JOHN DOE, individually and in his official capacity as bailiff of the State of Florida.

**PLAINTIFF PETER M. VUJIN'S**
**SECOND AMENDED VERIFIED CIVIL RIGHTS COMPLAINT FOR DECLARATORY**
**RELIEF, INJUNCTION AND DAMAGES**
**UNDER TITLE 42 UNITED STATES CODE SECTIONS 1983, 1985, 1986 and 1988**
**AND UNDER TITLE 18, UNITED STATES CODE, SECTION 96**

1.  Plaintiff, PETER M. VUJIN, ESQ., Officer of this Honorable Court, and a citizen of the

United States, and a member of the Florida Bar, respectfully brings this Action for

Declaratory Relief, Injunctive Relief, and Damages, against THE FLORIDA BAR,

RUSSELL GALBUT, ERIC GRABOIS, ERIC GRABOIS, P.L., MICHAEL HIGER,

officially and solely as the Honorable PRESIDENT OF THE FLORIDA BAR, standing for

the State of Florida, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., PEYTON

BOLLIN, P.L., RONALD WOLFF, and JOHN DOE, bailiff of the State of Florida,

Defendants, for violations of Plaintiff's individual rights under the First, Fifth, Sixth and

Eight Amendments to the Constitution of the United States, in violation of Title 42, United

1

States Code, Sections 1983, 1985, 1986 and 1988; Violations under 18 US Code Chapter 96; Articles 1, 3, 4, 9, 17 of the Constitution of the State of Florida; Sections 775.30, 784.011, 784.03, 784.048, 810.02, 810.08, 812.014, 815.06, 837.02, 837.012, 837.05, 874.05, and 895, Florida Statutes (2018).

2.  Jurisdiction of this Honorable Court is respectfully invoked in Equity, pursuant to Title 42 of the United States Code, Sections 1983, 1985, 1986, and 1988.  Furthermore, Jurisdiction of this Honorable Court is respectfully invoked pursuant to Title 28 of the United States Code, Sections 2201 and 2202, because this is a lawsuit for a Declaratory Judgment.

3.  This is an action for $20,000,000.00USD in damages, and thus satisfies the Jurisdictional requirement.  Venue is proper in this District under Title 28, United States Code, Section 1391, because all claims asserted arose in this District, and all the Defendants' acts, and conspiracies, occurred in Miami-Dade County, Florida.

4.  Plaintiff PETER M. VUJIN, ESQ, is at all relevant times a resident of Miami-Dade County, State of Florida.  Defendant THE FLORIDA BAR is a subdivision of the State of Florida and is at all relevant times a resident of Miami-Dade County, Florida. Defendant RUSSELL GALBUT is at all relevant times a resident of Miami-Dade County, State of Florida. Defendant ERIC GRABOIS is at all relevant times a resident of Miami-Dade County, State of Florida. Defendant ERIC J. GRABOIS, P.L. is at all relevant times a resident of Miami-Dade County, State of Florida. Defendant MICHAEL HIGER is at all relevant times a resident of Miami-Dade County, State of Florida, and sued herein solely in his official capacity as representative of the State of Florida, and as the head and President of the Defendant THE FLORIDA BAR. Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., is at all relevant times a resident of Miami-Dade County, State of

2

Florida. Defendant PEYTON BOLIN, P.L., is at all relevant times a resident of Broward County, State of Florida. Defendant RONALD WOLFF is at all relevant times a resident of Miami-Dade County, and Broward County, State of Florida. Defendant JOHN DOE is at all relevant times a resident of Miami-Dade County, State of Florida, and works at the Miami-Dade County Courthouse as a bailiff.

5.  All conditions precedent to the maintenance of this Action, including those set forth in Florida Statutes, Section 768.28, have been performed, have occurred prior to the filing of the Complaint, or have been waived by the State of Florid, pursuant to 762.28, Florida Statutes.

### INTRODUCTION

6.  Defendants GALBUT, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., GRABOIS, P.L., GRABOIS, PEYTON BOLLIN, WOLFF, and other conspirators, named and unnamed, operate a Scheme to Defraud prohibited by Sections 817.15, and 817, Florida Statutes (2018) and are engaged in RICO racketing in violation of 18 USC Chapter 96.

7.  Pursuant to said illegal scheme to defraud, GALBUT, MIRADOR 1200 CONDOMINIUM ASSOCATION, INC., WOLLF, GRABOIS, GRABOIS, P.L, and PEYTON BOLLIN, forged and falsified false entries into the corporate books of MIRADOR 1200 CONDOMINIUM, INC., as prohibited by Section 817.5, Florida Statutes (2018), in order to create an unenforceable debt and thereby racketeer condominium owners. In this manner, said Defendants defrauded numerous condominium owners of their property as follows: defrauded Mr. Claudio Castellon ex uxor Gina Perugini of their condominium unit in the case titled MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC vs. CASTELLON, 2013-025231 (CA01) Miami-Dade County, and also Mr. Sean Aspina, in the case titled

MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC. vs. ASPINA, 2015-018323 (CA01) Miami-Dade County, and also Ms. Shay Dori, in the case titled MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., vs. DORI, 2016-019312 (CA01) Miami-Dade County, and also Mr. Joel Kruger, in the case titled MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., vs. JOEL KRUGER, 13-022401 (CA01) Miami-Dade County, and also Mr. John Fraga, in the case titled MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., vs. JOHN FRAGA, 2016-015559 (CA01) Miami-Dade County, Mr. Boris Bochev, in the case titled  MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., vs BORIS BOCHEV, 14-021106 (CA01), and the Plaintiff, in the case titled MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC. vs. VUJIN, Miami-Dade County, numbered 2009-048623, by misrepresenting false affidavits and fraudulent corporate books of Defendants MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., to the Courts of the State of Florida, under oath, thereby also defrauding the Courts. Please See Exhibit "1", Castellon, and Exhibit "2", Aspina, and Exhibit "3", Dori, and Exhibit "4", Kruger, and Exhibit "5", and Exhibit "6", BOCHEV, and Exhibit "7", VUJIN, attached hereto.

8. Additionally, on August 4th, 2008, Plaintiff obtained a stipulation-judgment for fraud, against Crescent Heights of America, Inc., and 1200 West Realty, LLC., in Vujin vs. Galbut, 2007-016810-CA-01 (Miami-Dade) against Crescent Heights of America, Inc., and 1200 West Realty, recorded in the Official Records Book 26513, Page 1621, Miami-Dade County Official Records, pursuant to said Defendants' statutory offer of Judgement, pursuant to Florida Statute Section 768.79 Both said corporations are alter-egos of Defendant RUSSELL GALBUT, owned, operated by him, and controlled by him.  Consequently, the stipulation-judgment proves that Defendant RUSSELL GALBUT is unlawfully MIRADOR 1200

4

CONDOMINIUM ASSOCATION, Inc, because the declaration of condominium illegally and fraudulently reserved 5 out of 9 seats of board members of the master-association, Mirador Master Association, Inc., to the relatives, agents and servants of Defendant RUSSELL GALBUT in perpetuity, in contravention of Florida Statutes Section 817.034, and Chapter 718, respectively.  Mirador Master Association controls Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, Inc.  Please See Exhibit "8."

9.  Shortly thereafter, Defendants RUSSELL GALBUT, RONALD WOLFF and MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., began a campaign of terror against the Plaintiff to intimidate and silence him.  As such, GALBUT, WOLFF, and MIRADOR 1200 committed numerous acts against the Plaintiff and his friends, without limitation: broke into the Plaintiff's residence, broke the locks to the Plaintiff's residence, removed the Plaintiff and his friend, Julio Gomez, by threat of a gun from the Plaintiff's  residence, punched and struck the Plaintiff on several occasion, infiltrated the Plaintiff's electronic communications, falsely reported the Plaintiff to the police on several occasions, and many others.

10.  Acts of the Defendants prevented the Plaintiff from attending to his legal duties without fear of serious physical injury.  Further, said actions of Defendants prevented the Plaintiff from attending Court without fear of serious injury in violation of First Amendment Right to Petition the Government for a redress of grievances when litigating against MIRADOR 1200 CONDOMINIUM, INC., in State court, because the Plaintiff was scared and wished to avoid getting beating once again by JOHN DOE; prevented the Plaintiff from arguing and offering testimony in Court vis-à-vis the criminal enterprise of the Defendants, and thereby denied the Plaintiff his First Amendment Free Amendment rights, and causing extrajudicial injury to the Plaintiff in contravention of the 8th Amendment of the Constitution of the

5

United States by Defendant JOHN DOE, and especially since the police department, upon apparently corruptly influenced by Defedant  RUSSELL GALBUT, apparently never thoroughly investigated said crimes, even though the Plaintiff reported the same numerous times.  Defendant RUSSELL GALBUT ordered all such criminal acts to be committed against the Plaintiff. Please See Exhibit "9", Police Reports, respectfully attached hereto.

11. In late November, 2012, Plaintiff and his friend, Mr. Julio Gomez, were removed against their will from Plaintiff's residence by Defendant RONALD WOLLF, ordered by Defendant RUSSELL GALBUT, under threat of a gun by a security guard dressed in Miami Police Department uniform, by an employee of  Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, Inc., and forcibly led in mortal fear under threat of deadly force to the lobby of the building.  The Sergeant in charge filed a Police Report with the Miami Beach Police Department, numbered: 2012-00118089. Please See Exhibit "10", Affidavits of Witnesses, respectfully attached hereto.

12. In August 2015, Defendant WOLFF and then officer of the Defendant MIRADOR 1200 CONDOMINIUM, INC., forcefully pushed the Plaintiff and forced himself into the Plaintiff's condominium unit,. Please See Exhibit "11".

13. On or about late July, 2014, without notice to the Plaintiff, Defendants ERIC GRABOIS, ERIC J. GRABOIS, P.L., and/or PEYTON BOLLIN, P.L., successfully but fraudulently reopened a case titled: Mirador Condominium Association, Inc. vs. Peter M. Vujin, numbered 2009-048623-CA01, previously dismissed, in order to racketeer the Plaintiff and deny his Civil Rights.  Said action for monetary damages is currently pending, despite the fact that the Plaintiff received a discharge in Bankruptcy in the Southern District of Florida on 6/09/2014.  PEYTON BOLIN, P.L., continues to unlawfully prosecute said action to

6

foreclose its alleged lien, in order to racketeer the Plaintiff, and deny his civil rights, despite the fact that said lien was extinguished by operation of Law due to the fact that the superior lien holder foreclosed on the aforementioned property. Please See "Exhibit 12", admission of party opponent.

14. Defendant PEYTON BOLIN, P.L., continues to unlawfully and knowingly prosecute said action to foreclose its alleged lien, in order to silence the Plaintiff, despite the fact that said lien was extinguished by operation of Law due to the fact that the superior lien holder foreclosed on the aforementioned property. Please See "Exhibit 12", admission of party opponent. This act constitutes another attempt to silence the Plaintiff regarding Defendants' fraudulent activity.

15. In 2016, Defendant RONALD WOLFF waited in his automobile in order to ambush the Plaintiff when the Plaintiff returned home from Court after Plaintiff obtained a legal victory over Defendant MIRADOR 1200 CONDOMINIUM, INC.,. Defendant ERIC GRABOIS or Defendant ERIC J. GRABOIS, P.L., telephoned Defendant RONALD WOLFF and advised him to hit the Plaintiff with his car to hurt Plaintiff.

16. Shortly after this incident, Defendant ERIC GRABOIS filed a frivolous, fraudulent and invidious Florida bar complaint against the Plaintiff as an attempt to intimidate and prevent the Plaintiff from the prosecution of his counterclaim in the aforementioned circuit court action. Said Bar Complaint is currently pending in front of the Supreme Court of the State of Florida. Please See "Exhibit 13", Grabois Bar Complaint.

17. Further, Defendant ERIC GRABOIS testified under Oath that he did not review the accounting statements of his client, MIRADOR 1200 CONDOMINIUM, INC., despite representing the aforementioned client and foreclosed on people based on alleged debt owed

7

to Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC.   Please See "Exhibit 14", (testimony of Defendant ERIC GRABOIS.) In reality, the alleged debt was forged and doctored by Defendants RUSSELL GALBUT, RONALD WOLFF and MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., in order to fraudulently steal the condominium owners property.

ALLEGATIONS AGAINST ALL DEFENDANTS

18. Defendant RUSSELL GALBUT is a State-actor, in that he is so intrinsically connected to the State of Florida, due to, among other things, the fact that he entered into preliminary negotiations with the Chief Judge Soto, of the State of Florida in Miami-Dade County, to build a new Miami-Dade Courthouse, leading one State Court Judge to question the appearance of impartiality for any parties damaged by Defendant RUSSELL GALBUT. Chief Judge Soto then nominated Referee King who recommended the Plaintiff disbarred, in order to prevent the Plaintiff from testifying at trial, in contravention of the Due Process Clause, and thereby denied the Plaintiff his First Amendment Rights.  All other Defendants are also state-actors, as co-conspirators of Defendant RUSSELL GALBUT, who have engaged in a joint criminal enterprise with Defendant RUSSELL GALBUT to violate the Plaintiff's civil rights and to obstruct Justice and used the State of Florida to accomplish their goals.  Defendants who conspired with the State of Florida do not enjoy any immunity. Chief Judge Soto thereafter, in bad faith, and to protect the other co-conspirators, and with an invidious purpose to prevent the Plaintiff from the exercise of his First Amendment Rights to speak in Court, initiated sham Bar Proceedings against the Plaintiff.

19. These fraudulent acts of Defendants have led to grave consequences.  On or about November 15, 2016, after losing their property due to Defendant's fraudulent activity, Mr.

Gunther and Mrs. Shelley Gould, and elderly couple whom the Defendants made homeless died at the MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., when Mr. Gould discharged his pistol into Mrs. Gould, and then himself. Please See Exhibit "15" Grabois Deed.

20. The scheme to defraud committed by GALBUT, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., GRABOIS, GRABOIS, P.L., and Antoni Latini is a predicate felony for 3rd Degree Homicide prohibited by Florida Statutes Section 782.04 (4) (2018.) Please See Fla. Stat. Section 782.04(04), (2018), and it is the proximate and actual cause of the deaths of the later Mr. and Mrs. Gould, senior citizens without issue.

21. Aware that the Plaintiff is investigating the circumstances of the suspicious deaths of Mr. and Mrs. Gould, Defendants have acted in furtherance of the conspiracy to violate the Plaintiff's civil rights, and racketeer the same, in order to prevent his investigation, and committed illegal overt acts and crimes that caused physical injury, severe emotional distress, psychological damages, loss of property, to wit, Plaintiff's health, previous condominium unit located at the premises of Defendant MIRADOR 1200 CONDOMINIUM, INC., and caused other damages to the Plaintiff who had to pay, and continues to pay, for doctors and attorneys due to the actions of the Defendants. Defendants have further acted in furtherance of the conspiracy and committed illegal overt acts and torts that caused physical injury, severe emotional distress, psychological damages, loss of property, to wit, Plaintiff's health, previous condominium unit located at the premises of Defendant MIRADOR 1200 CONDOMINIUM, INC., and caused other damages to the Plaintiff who had to pay, and continues to pay, for doctors and attorneys due to the actions of the Defendants., as well as to his clients who sued Crescent Heights of American, Inc.

9

22. There exists an actual controversy between the Plaintiff and the Defendant as alleged in this Complaint.

23. This Action for Declaratory Judgment, Injunctive Relief, and Damages is the Plaintiff's only means of securing adequate relief for his injuries.

24. Defendant's actions, and threatened actions, present a threat of immediate and irreparable injury to the Plaintiff, and as such, warrant the exercise of this Honorable Court's Jurisdiction.

25. Plaintiff has suffered, is currently suffering, and will continue to suffer irreparable injury from the Defendants' unlawful conduct, as alleged in this Complaint, unless Defendants are enjoined by this Honorable Court.

26. All allegations that may be perceived as being against present Law, if any, are respectfully plead as a good faith effort to change the Law.

27. Upon review, this is a case of first impression, and Plaintiff, as a whistleblower, would never be able to receive a constitutionally fair trial in Florida State courts, and as such, abstention does not apply here.

COUNT I
DECLARATION OF VIOLATION OF FIRST AMENDMENT RIGHT OF FREE SPEECH
AND RIGHT TO PETITION THE GOVERNMENT AND DAMAGES
– 42 USC 1983 AND 42 USC 1988 AGAINST ALL DEFENDANTS

28. Plaintiff respectfully incorporates each of the foregoing allegations as if fully set forth herein.

29. Plaintiff PETER M. VUJIN became aware of the fact that Defendants RUSSELL GALBUT, RONALD WOLFF, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., ERIC GRABOIS, ERIC J. GRABOIS, P.L., and PEYTON BOLIN, P.L., had a connection to the deaths of Mr. Gunther and Mrs. Shelley Gould in November of 2015.

10

30. Plaintiff PETER M. VUJIN, ESQUIRE relayed those facts to the Court, Miami-Dade County.

31. Defendants RUSSELL GALBUT, RONALD WOLFF, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., ERIC GRABOIS, ERIC J. GRABOIS, P.L., JOHN DOE, JENNIFER FALCONE, THE FLORIDA BAR, MICHAEL HIGER as a representative of the State of Florida, then entered into an unlawful conspiracy prohibited by 42 United States Code 1988 to silence the Plaintiff vis-à-vis the deaths of Mr. Gunther and Mrs. Shelley Gould, even though they had a duty not to do so.

32. Defendants thereby unlawfully subjected the Plaintiff to illegal conduct that occurred under color of State Law, and this criminal conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under Federal Laws and the United States Constitution.  In particular, Defendant JOHN DOE always attacked the Plaintiff surreptitiously from the back and attempted to tear off the Plainitff's jacket and shirt on numerous occasions, when the Plaintiff attended the Miami-Dade Courthouse in VUJIN vs. MIRADOR. Defendant/co-conspirator JOHN DOE agreed to the conspiracy to deprive Plaintiff PETER M. VUJIN, ESQUIRE of his civil rights, and surreptitiously ambushed the Plaintiff and then battered him with the intent to achieve the joint enterprise goal of the unlawful conspiracy, deprive Plaintiff of his civil rights, and deny his First Amendment Free Speech Rights, and actually scared the Plaintiff from returning to the Miami-Dade Courthouse alone, and thereby deprived the same of this First Amendment and Due Process Rights. Please See Amendment 1, Constitution of the United States, and 42 USC Section 1983, and 1988.

33. Defendants THE FLORIDA BAR, in order to achieve the joint enterprise goal of the unlawful conspiracy, unlawfully selected the Plaintiff PETER M. VUJIN for thinly veiled

11

persecution based for an invidious purpose to destroy the Plaintiff's political opinion because of the illegal motive to silence the Plaintiff and deny his First Amendment Rights, and filed and persecuted sham complaints to accomplish the same, and thereby denied the Plaintiff his First Amendment Free Speech Rights.   Furthermore, Defendants/co-conspirators THE FLORIDA BAR threatened, or intimidated other attorneys from representing Plaintiff PETER M. VUJIN, ESQUIRE and thereby denied the Plaintiff his Civil Rights.  Defendant GALBUT ordered all such illegal acts to be performed, Defendants GRABOIS and GRABOIS, P.L., in order to achieve the joint enterprise goal of the unlawful conspiracy, filed two perjurious and sham bar complaints against the Plaintiff, falsely testified in the state court proceeding, and threatened and persecuted the Plaintiff based on political opinion due to the invidious motive to silence the same, and to deny him his First Amendment Free Speech Rights, and agreed with Defendant/co-conspirator RONALD WOLFF to attack the Plaintiff with a deadly weapon, to wit, the car that belongs to RONALD WOLFF, and thereby denied Plaintiff his Civil Rights.

34. Defendant/co-conspirator RONALD WOLFF attempted to run down the Plaintiff with a deadly weapon, his car, in an attempt to fulfill the joint enterprise goal of the unlawful conspiracy, and thereby denied Plaintiff his Civil Rights, because Defendants GRABOIS, and GRABOIS., P.L, counseled Defendant WOLLF to do so.

35. Defendant/co-conspirator MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., controlled by Defendant RUSSELL GALBUT, entered into and financed the conspiracy, to wit, used the funds of the corporation and then gave the same to other conspirators, in order to induce them into the conspiracy.   Furthermore, Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATIONS, INC., caused a fraudulent and malicious racketeering

12

complaint to be filed and prosecuted against the Plaintiff in order to deny him his civil rights, and thereby actually denied the Plaintiff his Civil Rights, and his First Amendment Free Speech Rights.

36. Additionally, Defendant HIGER, representing the State of Florida, instated an acquisted in the long-standing police wherein Bar Referee's can enter Default against the Respond, without notice of a hearing or a hearing, even though the Respondent timely interposed his defenses.  As such, Plaintiff challenges this policy as unconstitutional ever since the times of <u>Mullane</u>, where each party of pleader had a right to a hearing and a notice thereof. It is, precisely, this unlawful policy that enabled Referee King to enter default against the Plaintiff, even though the Plaintiff defended previously, in order to prevent the Plaintiff from testifying in Court and thereby ruined the Plaintiff's First Amendment Rights, as well as violated his Due Process Rights and thereby damaged the Plaintiff.

37. Defendants/co-conspirators ERIC J. GRABOIS, P.L., and ERIC GRABOIS, and PEYTON BOLLIN, P.L., advanced the interests of the conspiracy by knowingly prosecuting a false and malicious racketeering complaint against the Plaintiff filed by Defendant/co-conspirator MIRADOR 1200 CONDOMINIUM, INC., for 9 years against Plaintiff PETER M. VUJIN, ESQUIRE, in  order to deprive him of his civil rights, and his First Amendment Rights, and thereby deprived him of his First Amendment Free Speech Rights.

**WHEREFORE**, Plaintiff PETER M. VUJIN, ESQUIRE demands a Declaratory Judgment stating that the Defendants, in the manner above, unlawfully violated his civil rights, and a judgment for damages.

COUNT II
DECLARATION OF VIOLATION OF 42 USC 1985, 1986 and 1988 AND DAMAGES
AGAINST DEFENDANTS THE FLORIDA BAR, HIGER, JENNIFER FALCONE

13

38. Plaintiff respectfully incorporates paragraphs 1-27 alleged herein as if fully set herein.

39. Defendants MICHAEL HIGER, THE FLORIDA BAR, and JENNIFER FALCONE, representing the State of Florida, and having knowledge of the violation of the Plaintiff's Civil rights, had a duty to prevent the violation of Plaintiff's civil rights, but instead enabled and acquiesced in the conspiracy to deprive the Plaintiff of his civil rights with the other Defendants, and breached the duty to stop the aforementioned violation, and thereby proximately caused damages to Plaintiff. Further, Defendant MICHAEL HIGER, representing the State of Florida, enacted and acquiesced in a widespread, customary violation of civil rights of attorneys in disciplinary proceedings, where defaults are entered as a matter of policy without a Notice of Hearing and a Hearing, as required by Law, and thereby actually denied the Plaintiff his First Amendment Free Speech Rights.

**WHEREFORE**, Plaintiff PETER M. VUJIN, ESQUIRE demands a Declaratory Judgment stating that the Defendants, in the manner above, unlawfully violated his civil rights, and caused damages.

COUNT III
DECLARATION OF VIOLATION OF FIFTH AMENDMENT RIGHT TO FAIR TRIAL,
EIGHT AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL
PUNISHMENT – 42 USC 1983, 1986, 1988 AGAINST MONICA GORDO, JOHN
DOE, RUSSELL GALBUT, ERIC GRABOIS, ERIC J. GRABOIS, P.L., PEYTON
BOLLIN, P.L, MICHAEL HIGER FOR THE STATE OF FLORIDA, THE FLORIDA
BAR, AND JENNIFER FALCONE

40. Plaintiff respectfully incorporates allegations one through 27, as if fully set forth herein.

41. Defendants JOHN DOE, RUSSELL GALBUT, ERIC GRABOIS, ERIC J. GRABOIS, P.L., PEYTON BOLLIN, P.L. and MICHAEL HIGER, representing the State of Florida, had a duty not to do so, but instead agreed to deny Plaintiff his First Amendment, substantive and

14

procedural due process rights against the law, and actually denied the same, as alleged herein, even though they had a duty not to engage in such loathsome, and illegal conduct.

42. Defendants' violation of his civil rights left Plaintiff unable to testify in, prosecute or otherwise finalize his pending State Court lawsuit, and testify in his Bar Proceeding, in violation of 42 United States Code Sections 1983, 1986 and 1988.  In particular, Defendant MICHAEL HIGER had a duty and opportunity to prevent the violation of the Plaintiff's Civil Rights but refused to do so.

43. Defendants' violation of his civil rights caused Plaintiff damages, and will continue to cause Plaintiff damages, unless enjoined.

44. Defendants' violation was done in contravention of United States Code Sections 1983, 1986 and 1988 in that said violations deprived the Plaintiff of his 5th Amendment Right to a Fair Trial, and his 8th Amendment Right against Cruel and Unusual Punishment, as well as his other Civil Rights.

**WHEREFORE**, Plaintiff PETER M. VUJIN, ESQUIRE demands a Declaratory Judgment stating that said Defendants, in the manner above, unlawfully violated his civil rights, and an Injunction to prevent the Defendants named in this Count from continuing to do so.

<u>COUNT IV</u>
<u>INJUNCTION AGAINST DEFENDANTS THE FLORIDA BAR, RUSSELL GALBUT,</u>
<u>JENNIFER FALCONE, MICHAEL HIGER FOR THE STATE OF FLORIDA, AND</u>
<u>JOHN DOE – 42 USC 1983, 1986, 1988</u>

45.  Plaintiff respectfully incorporates allegations 1-27 as if fully set forth herein.

46. Defendants THE FLORIDA BAR, RUSSELL GALBUT, JENNIFER FALCONE, and MICHAEL HIGER must be enjoined from further denials of Plaintiff's civil rights, as alleged.

15

47. This Honorable Court should enjoin the Defendants from further unlawful conduct, particularly, Defendants GALBUT, THE FLORIDA BAR, JENNIFER FALCONE and MICHAEL HIGER should be enjoined from doing anything else but file a Confession of Error in the appellate proceeding now pending in front of the Supreme Court of the State of Florida.

48. Unless enjoined, said Defendants will continue to violate Plaintiff's civil rights against the Law.

**WHEREFORE**, Plaintiff PETER M. VUJIN, ESQUIRE demands an Injunction stating that said Defendants are enjoined from further violations of Plaintiff's civil rights.

COUNT V
DAMAGES AGAINST ALL DEFENDANTS – 42 USC 1983, 1986, 1988

Plaintiff respectfully incorporates paragraphs 1-27 alleged herein as if fully set herein.

49. Defendants' actions caused Plaintiff damages in the form of loss of enjoyment of life, loss of rights guaranteed by the Bill of Rights, medical and legal bills, loss of reputation and others. Damages are presumed, by Law, in any Civil Rights lawsuit.

50. No Defendant is entitled to immunity because immunity does not attach to criminal conduct, especially when state court judges engage in the same.  To rule otherwise would produce a situation where state court judges are immune for criminal conduct, which is not, and can never be, the Law, pursuant to the Constitution's Article IV Guarantee of Republican Government, and other applicable Law.

51. Plaintiff has been damaged, and continues to incur damages, due to the actions of the Defendants as alleged herein.

16

**WHEREFORE**, Plaintiff PETER M. VUJIN, ESQUIRE demands a Judgment for damages, where allowed by Law, against all Defendants for the violation of his civil rights, along with attorney's fees, if allowed by Law.

<u>COUNT FIVE – RACKETERING AGAINST RUSSELL GALBUT, ERIC GRABOIS, ERIC J. GRABOIS, P.L, PEYTON BOLLON, RONALD WOLFF and MIRADOR 1200 CONDOMINIUM, INC.</u>

Plaintiff respectfully incorporates paragraphs 1-27 alleged herein as if fully set herein.

52. Defendants GALBUT, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., GRABOIS, P.L., GRABOIS, PEYTON BOLLIN, WOLFF, and other conspirators, named and unnamed, operate an enterprise Scheme to Defraud prohibited by Sections 817.15, and 817, Florida Statutes (2018) and are engaged in RICO racketing in violation of 18 USC Chapter 96.

53. Pursuant to the scheme to defraud and racketeering of condominium owners, including the Plaintiff, Defendants have committed numerous acts, such as striking the Plaintiff, broking the locks to his residence, pushing the Plaintiff, extorting, and staling the same. Said actions represent predicate offense for a RICH lawsuit.

54. Defendants have invested and acquired said business though criminal activity.

55. Defendats have acquired this business through criminal monies.

56. Operating this business as a scheme to defraud and racket constitutes criminal activity.

57. Defendants have received and accepted monies from their criminal activity. Said criminal activity involves interstate commerce, such as, telephonic and internet communications.

58. Defendants receive the lucre through the operation of a pattern of criminal liability.

59. All Defendants in this Count are employed in this criminal activity, and successfully defrauded numerous condominium owners, including the Plaintiff.

17

60. Plaintiff respectfully requests a declaration that the Defendants violated Plaintiff's Rights under the Constitution of the United States, the Constitution of the State of Florida, Statutes of the United States, and Statutes of the State of Florida.

61. Plaintiff respectfully requests a declaration that Defendants have conspired, and continue to conspire, to violate the Plaintiff's Civil Rights under the Constitution of the United States, the Constitution of the State of Florida, Statutes of the United States, and Statutes of the State of Florida, in order to obstruct Justice and defend their friends from lawful prosecution.

62. Plaintiff respectfully request injunctive relief to restrain Defendants RUSSELL GALBUT, RONALD WOLFF, ERIC GRABOIS, MICHAEL HIGER for the State of Florida, JOHN DOE, THE FLORIDA BAR, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., ERIC J. GRABOIS, P.L., JENNIFER FALCONE, and PEYTON BOLIN, P.L., from violating his civil rights, among others: to cease to deprive Plaintiff of his Civil Rights,  the Due Process of Law, to cease from battering Plaintiff when he goes to the Miami-Dade County Courthouse to speak freely about the scheme to defraud as alleged herein, pursuant to his First Amendment Free Speech Rights; to cease from persecuting Plaintiff via fraudulent, malicious and abominable sham Bar Complaints that do not state a cause of action, in violation of his Civil Rights, to case from persecuting Plaintiff via said Bar Complaints with the purpose to deny Plaintiff's Free Speech Rights; to cease committing crimes against Plaintiff under color of Law; to cease scaring, harassing and intimidating attorneys who are members of the Florida Bar who are now scared to represent Plaintiff and that attorneys have the same rights in Bar administrative proceedings as any other party, and for all other just relief.

18

WHEREFORE, Plaintiff respectfully demands Damages here, and disgorgement of all

Defendants ill-gotten gains through this criminal enterprise, as alleged.

63. Plaintiff respectfully requests a declaration that, due to the infirmity of the state court

process, he is allowed to practice Federal Law in the Southern District of Florida, and

elsewhere.

64. Plaintiff respectfully requests monetary damages for the injuries that he suffered, where

allowed by Law.

65. Plaintiff respectfully requests a Jury Trial on all issues so triable.


<u>28 USC Section 1746 Unsworn Declaration under Penalty of Perjury</u>

**YOUR AFFIANT, PETER M. VUJIN, ESQUIRE,** having first taken an Oath,

declares: all of the foregoing is true and correct.

**Dated: 10/04/2018**

<u>**JURY DEMAND**</u>

Plaintiff politely requests a Jury Trial in this cause, on all issues so triable.

<u>**ALL OF WHICH IS RESPECTFULLY SUBMITED:**</u>

**/s/**

Peter M. Vujin, esquire
1200 West Avenue #824 **/** Miami Beach, Florida, 33139
Officer of the Court No. 641243 / petermvujinesq@gmail.com
786.899.3460

19